**EXHIBIT A**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | Case No.: 2025-CP-23- |
| Gwen Kennedy, | ) | |
| Plaintiff, | ) | **SUMMONS** |
| | ) | **(Bench Trial)** |
| v. | ) | |
| Chaac Foods, LLC and Chaac Chicken Southeast, LLC, | ) | |
| Defendants. | ) | |

**TO THE DEFENDANTS ABOVE-NAMED:**

You are hereby summoned and required to answer the Complaint, herewith served upon you, which was filed in the Office of the Clerk of Court, and to serve a copy of your answer to same upon the subscriber at 650 E. Washington Street, Greenville, South Carolina, 29601, within thirty (30) days after the service hereof, exclusive of the day of such service. If you fail to answer within that time, you will be considered to be in default and the Plaintiff will move before the Court for the relief demanded in the Complaint.

        **ANTHONY LAW, LLC**

        _s/Jay Anthony_____
        K. Jay Anthony, S.C. Bar No. 77433
        650 E. Washington Street
        Greenville, S.C. 29601
        (864) 301-8141 Phone
        (864) 203-8877 Facsimile
        janthony@anthonylawsc.com

        **ATTORNEY FOR PLAINTIFF**

November 12, 2025
Greenville, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF GREENVILLE ) | Case No.: 2025-CP-23- |
| ) | |
| Gwen Kennedy, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | **(Bench Trial)** |
| v. ) | |
| ) | |
| Chaac Foods, LLC and Chaac Chicken ) | |
| Southeast, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff alleges:

## FOR A FIRST CAUSE OF ACTION
(Piercing the Corporate Veil/Alter Ego)

1. The Plaintiff, Gwen Kennedy, is a citizen and resident of Greenville County, South Carolina.

2. Defendant Chaac Chicken Southeast, LLC (hereinafter "CCS") is a Texas limited liability company which was, at all times relevant herein, doing business in Greenville County, South Carolina, and specifically operating the Bojangles restaurant located at 1107 W. Faris Road in Greenville, South Carolina (hereinafter the "Restaurant").

3. Defendant Chaac Foods, LLC (hereafter "Chaac") is a Delaware limited liability company with its headquarters in Texas. At all times relevant herein, Chaac was doing business in Greenville County, South Carolina, particularly through the operation of CCS and management of the Restaurant.

4. On June 11, 2024, Plaintiff obtained a judgment against CCS in the amount of Four Hundred and Fifty Thousand Dollars ($450,000.00) (the "Judgment").

5. Plaintiff has since entered into supplemental proceedings before the Master in Equity to attempt to execute the Judgment.

6. In the process of supplemental proceedings, Plaintiff has obtained information which has demonstrated that Chaac operated CCS as if the two entities were one and the same. In particular, Chaac treated the assets of CCS as if it were the assets of Chaac.

7. Notably, financial records show that CCS had sufficient assets in its bank account as of the date of the Judgment, to satisfy the Judgment. Moreover, more than sufficient funds to satisfy the Judgment existed in the CCS bank account for months. On April 1, 2025, CCS had approximately $590,000 in the bank account.

8. On April 24, 2025, despite the Judgment, $585,000 was withdrawn from the CCS account.

9. Upon information and belief, these funds were withdrawn by Chaac and moved to an account owned by Chaac.

10. At the time of the withdrawal, representatives of Chaac and CCS were aware of the existence of the Judgment.

11. Upon information and belief, Luis Ibarguengoytia has an ownership interest in both Chaac and CCS.

12. Upon information and belief, Chaac is jointly owned by Luis Ibarguengoytia and Gauge Capital.

13. Upon information and belief, Chaac was, at all times relevant herein, the alter ego of CCS in that (1) there exists a unity of interest and ownership between the defendants; (2) there exists an intermingling of profits and expenses between the companies; (3) the LLC is a mere shell and framework which Chaac uses as a conduit for conducting its own business; (4) the LLC is not

operated as a wholly-distinct entity from Chaac and instead is operated in a shared and commingled manner; (5) the entity form is used primarily to avoid liability and to protect assets; and (6) the company is not adequately capitalized and all profits were siphoned off by the owner.

14. Based on the foregoing, adherence to the fiction of a separate corporate existence by the LLC from Chaac would promote injustice and prevent proper legal liability.

15. Plaintiff is informed and believes that the corporate veil should be pierced and the individual company, entity, and individual behind the entity should be jointly and severally responsible for any damages sustained by Plaintiff, including the Judgment and all interest thereon.

**WHEREFORE**, Plaintiff prays for a finding against Defendants that the corporate veil between CCS and Chaac is disregarded, that the two companies are the alter egos of one another, and that Chaac is responsible and liable for the Judgment as well as all interest thereon, and for such other relief and further relief as the Court deems just and proper.

Respectfully Submitted,

**ANTHONY LAW, LLC**

_s/Jay Anthony_
K. Jay Anthony, S.C. Bar No.: 77433
650 E. Washington Street
Greenville, S.C.  29601
864.301.8141
864.203.8877 (fax)
janthony@anthonylawsc.com

Greenville, S.C.            **ATTORNEY FOR PLAINTIFF**
November 12, 2025